# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERI PHYLLIS IRENE MACK ESTATE (TRUST), *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br>     *Defendant*. | Case No. 25-cv-2143-ABA |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On January 15, 2025, Capital One, N.A. ("Capital One") brought what appears to be a collections action against Teri P. Mack in the District Court for Baltimore County, Maryland: *Capital One, N.A. v. Teri Mack*, Case No. D-08-CV-25-008266. On July 2, 2025, two filings initiated the instant case in this Court. The first was a complaint filed by an entity identifying itself as "Teri Phyllis Irene Mack Estate (Trust) Appearing by and through Fiduciary, Carl Leroy Phillip Potter III." ECF No. 1. The second was a document entitled Notice of Removal to Federal Court (ECF No. 1-2); that purported notice of removal was not filed by Ms. Mack (the defendant in the state court case), but rather by the same "Estate (Trust)" that filed the complaint.

As for its affirmative claims, the "Estate (Trust)" alleges that Capital One closed a bank account "[w]ithout lawful notice, presentment, or process under equity or trust law." ECF No. 1 ¶ 5. The "Estate (Trust)" alleges that Ms. Mack relies on a "trust account" for "basic sustenance and support." *Id*. ¶ 18. Plaintiff alleges that although "commercial notices were allegedly sent via email or standard mail to the living woman, those notices were directed to a presumed commercial debtor and not to the trust estate or its Fiduciary." *Id*. ¶ 5. Plaintiff alleges Capital One breached a fiduciary duty (count 1),

committed "constructive fraud against the trust" (count 2), and denied Ms. Mack of "equitable rights and access to property" (count 3).

The "Estate (Trust)" has sought reconsideration—again—of this Court's denial of its motion to proceed *in forma pauperis*. ECF No. 17. Because Plaintiff is an entity (either an "estate" or a "trust"), it is not entitled to proceed *in forma pauperis*. That is why the Court has denied—twice—motions to proceed without paying a filing fee. ECF Nos. 9 & 15. Plaintiff has now filed another motion for reconsideration on that issue. ECF No. 17. For the same reasons as those stated in the prior orders, that motion (ECF No. 17) is denied. The Court understands that Mr. Potter is an individual person, not an entity. But the *plaintiff* in this federal case is an entity—either an "estate" or a "trust." If Ms. Mack personally had filed this case or removed the state court case, the plaintiff/removing party would have been an individual, who if financially eligible may request *in forma pauperis* status. The legal relationship between Ms. Mack and the entity Plaintiff is not clear, but what is clear is that if the "Estate (Trust)" wishes to proceed with this federal case, it must pay a filing fee because the *in forma pauperis* statute, 28 U.S.C. § 1915, applies only to "natural person[s]." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1992).[1]

---

[1] The Court notes for Plaintiff's understanding that even if the filing fee were paid, Plaintiff would not be entitled to an order enjoining the state court proceeding because neither party to that case has filed a notice of removal. As noted above, the notice of removal was filed by the "Trust (Estate)," not by Ms. Mack herself. But even if Ms. Mack had filed a notice of removal, it would likely be ineffective, because she is a resident of Maryland, and "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The Court previously explained this to Plaintiff, and gave Plaintiff until August 14, 2025, to do so, and "forewarned that failure to timely pay the fee [will] result in dismissal of the complaint without further notice and without prejudice." Accordingly, the Court hereby ORDERS as follows:

1. The motion for reconsideration of denial of *in forma pauperis* status, ECF No. 17, is DENIED;
2. This case is DISMISSED without prejudice;
3. The other pending motions (ECF Nos. 3, 10, 14, and 16) are DENIED AS MOOT;
4. The Clerk is directed to MAIL this Order to Mr. Potter at the address on the docket; and
5. The Clerk is directed to CLOSE this case.

Date:  October 7, 2025

_____/s/_____
Adam B. Abelson
United States District Judge